**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4158**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

BRADLEY MAURICE JAMES,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:09-cr-00050-F-2)

_____

Submitted:  June 17, 2011              Decided:   July 20, 2011

_____

Before DAVIS and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed in part, vacated in part and remanded by unpublished
per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Raleigh, North Carolina, for Appellant.  George E. B.
Holding, United States Attorney, Jennifer P. May-Parker,
Assistant United States Attorney, Kristine L. Fritz, Assistant
United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Bradley Maurice James of one count of possession with intent to distribute more than fifty kilograms of marijuana, and aiding and abetting the same, 18 U.S.C. §§ 841(a)(1) and 2, and one count of possession of a firearm in furtherance of a drug trafficking crime, id. § 924(c). On appeal, he challenges the sufficiency of the evidence on the § 924(c) conviction and the sentence imposed by the district court. We affirm in part, vacate in part, and remand for resentencing.

James argues that there is insufficient evidence in the record to support his § 924(c) conviction. According to James, the evidence in the record does not demonstrate that he possessed a firearm in furtherance of a drug trafficking crime.

We review a challenge to the sufficiency of the evidence supporting a jury verdict de novo. United States v. Kelly, 510 F.3d 433, 440 (4th Cir. 2007). "A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). We must determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005). We review both the direct and the

2

circumstantial evidence, and accord the government all reasonable inferences from the facts shown to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). In reviewing the sufficiency of the evidence, we do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in the testimony in favor of the government. Kelly, 510 F.3d at 440. We will disturb a jury's verdict only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45.

To establish a violation of § 924(c), the government must prove that the possessed firearm "furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Factors that might lead a rational trier of fact to conclude that the requisite nexus existed between the firearm and the drug offense include: "'the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon . . ., whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.'" Id. (quoting United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000)).

In our view, a rational trier of fact could have found that James possessed the .40 caliber Glock handgun to further, advance, or help forward his marijuana distribution operation.

3

Lomax, 293 F.3d at 705. Viewing the evidence in the light most favorable to the government and giving the government the benefit of all reasonable inferences from the evidence, the government demonstrated the following pieces of evidence at trial: James ran a large-scale marijuana distribution operation from his grandfather's trailer, located in Leland, North Carolina; during the November 5, 2007 search of the trailer, approximately sixty-six kilograms of marijuana and other indicia of drug trafficking were found in the trailer; of the sixty-six kilograms, a large quantity of marijuana was found in the kitchen, and much of this marijuana was packed in cellophane, ready for distribution; James' loaded .40 caliber Glock handgun was found in his locked car, which was parked next to the kitchen door to the trailer; the car contained $2,800.00 in drug proceeds; next to James' car were coolers containing 200 one-pound and half-pound emptied "wrappings" with marijuana residue, (J.A. 136); James ran away from the trailer as the police officers approached the trailer; and firearms are used by drug dealers to protect their drugs and money during drug transactions. In the aggregate, these facts suggest a specific nexus between James' .40 caliber Glock handgun and the marijuana distribution operation, namely, that James kept the handgun in the car to protect him, his drugs, and his money when transacting business at the trailer. Lomax, 293 F.3d at 705.

4

James also challenges his sentence. He argues that his sentence is procedurally unreasonable because the district court never addressed his request for a sentence below the Guidelines range on his marijuana conviction. At sentencing, counsel for James asked the district court to sentence James "below the bottom of the guideline range" (51 to 63 months) on the marijuana conviction, because of the mandatory sixty-month consecutive sentence the district court had to impose on the § 924(c) conviction, the weakness of the government's case on both the marijuana count and the § 924(c) count, and James' insignificant criminal record.

Because James argued for a sentence different than the one imposed by the district court, he preserved his claim, and our review is under the abuse of discretion standard. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). If we determine that the district court abused its discretion, we will vacate the sentence unless the error is harmless. Id. at 576.

A district court commits procedural sentencing error by "failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). In evaluating the district court's explanation for the sentence imposed, we have held that, although the district court must consider the 18 U.S.C. § 3553(a) factors and explain the sentence, it need not explicitly reference § 3553(a) or discuss every factor on the

5

record.  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).  However, the district court "must make an individualized assessment based on the facts presented" and apply the "relevant § 3553(a) factors to the specific circumstances of the case before it."  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (citation, internal quotation marks, and emphasis omitted).  The district court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" us that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  Id. (citations and internal quotation marks omitted).  The reasons articulated by the district court need not be "couched in the precise language of § 3553(a)," as long as the reasons "can be matched to a factor appropriate for consideration under that statute and [are] clearly tied to [the defendant's] particular situation."  United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

In this case, the district court erred by failing to offer any explanation concerning its chosen sentence.  Under this circumstance, appellate review is impossible, and the error is not harmless.

For these reasons, we affirm James' convictions, vacate his sentence, and remand for resentencing.  We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART AND REMANDED</u>